## Market Street Trust Co., to use, v. Grove

*W. Justin Carter*, for plaintiff.
*Louis Gordon*, for defendant.

RUPP, J., June 29, 1942.—This matter comes before us on a rule to strike off a judgment.

On December 13, 1941, a joint and several judgment note was executed by Ross O. Swails, the use-plaintiff, and A. S. Grove, defendant, in favor of the Market Street Trust Company, in the sum of $125. On January 15, 1942, Ross O. Swails paid the note and took an assignment from the Market Street Trust Company. He

then entered judgment on the note as follows, "Market Street Trust Co. now for the use of Ross O. Swails vs. A. S. Grove," and proceeded to issue execution thereon. Defendant then filed a petition for a rule to strike off the judgment, which rule was granted.

The sole question involved is whether, under the circumstances, the entry of judgment in the name of the Market Street Trust Company to the use of Ross O. Swails violates clause (*a*) of Pa. R. C. P. 2002, relating to actions being prosecuted by and in the name of the real party in interest, which provides as follows:

"(*a*) Except as otherwise provided in clauses (*b*), (*c*) and (*d*) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

The exceptions referred to are not pertinent to the matter before us.

While prior to the promulgation of the rule under consideration it was the proper practice to institute an action or confess a judgment in the name of the assignor to the use of the assignee, the assignor was in no sense a party to the action. The action could be instituted without the assignor's consent and he could not discontinue or disclaim the action brought by the assignee. Therefore, it readily can be seen that the assignee always has exercised the prerogatives of the real party in interest and has been recognized as such.

The rule changed the above procedure by making it mandatory that judgment be confessed in the name of the assignee, the real party in interest.

As stated in section 2002(*a*)-19 of Goodrich-Amram's Procedural Rules Service, p. 30:

"Under Rule 2002(*a*), the assignee or present holder or bearer of the obligation, whether negotiable or not, is the real party in interest and the judgment must be confessed in his name alone. . . ."

Since the assignee has failed to comply with the mandatory provisions of Rule 2002, the judgment must be stricken off.

And now, June 29, 1942, the rule to strike off the judgment is made absolute.